**SAI FENG LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 07–5469–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, and JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Sai Feng Lin, a native and citizen of the People's Republic of China, seeks review of a November 13, 2007 order of the BIA denying her motion to reopen. *In re Sai Feng Lin,* No. A095 161 781 (B.I.A. Nov. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

We conclude that the agency did not abuse its discretion in denying Lin's un-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

timely motion to reopen because we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See id.* at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] … it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Lin argues that the agency erred in discounting the evidence she submitted, including the Shouzhan Town Notice, to conclude that she did not establish changed circumstances in China. That argument is unavailing, as the BIA reasonably questioned the reliability of this evidence in light of the adverse credibility determination rendered by the agency in her underlying proceedings. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–48 (2d Cir.2007) (finding that the BIA's refusal to credit an unauthenticated document was not error when its rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication).

While Lin asserts that the BIA abused its discretion by failing to give adequate consideration to the evidence she submitted, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao,* 546 F.3d at 169, and will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir. 2006).

Because the BIA reasonably concluded that Lin failed to establish a material change in circumstances in China, and such failure provides a valid basis for the BIA's denial of her motion to reopen, we find no abuse of discretion here. *See Wei Guang Wang,* 437 F.3d at 273; *Jian Hui Shao,* 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).